IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LABORERS LOCAL UNION 158,** : | |
| **LABORERS LOCAL UNION 158** : | Civil No. 1:CV-10-1524 |
| **HEALTH AND WELFARE FUND and** : | |
| **LABORERS LOCAL UNION 158** : | (Chief Judge Kane) |
| **PENSION FUND,** : | |
|     **Plaintiffs** : | |
| : | |
| **v.** : | |
| : | |
| **FRED SHAFFER CONCRETE and** : | |
| **FRED SHAFFER,** : | |
|     **Defendants** : | |

## **MEMORANDUM ORDER**

Before the Court is Plaintiffs' motion for default judgment. (Doc. No. 10.) Defendants Fred Shaffer Concrete and Fred Shaffer were served on December 14, 2010, (Doc. No. 6.); however, to date, Defendants have failed to enter an appearance. Plaintiffs requested the clerk enter default on March 1, 2011, (Doc. No. 9), and the clerk entered default on that date (Doc. No. 11). Also on March 1, 2011, Plaintiffs moved for the clerk to enter default judgment pursuant to Rule 55(b)(1) and included an affidavit showing the amount due. (Doc. No. 10.) Plaintiffs' motion for entry of default judgment may not be entered by the clerk under Rule 55(b)(1). Plaintiffs do not merely seek a "sum certain," they also seek attorneys' fees in the amount of $1,720.00. (Id. at 3.) However, Plaintiffs do not set forth any facts clearly establishing the appropriateness of that fee amount in an affidavit or other evidence.

In assessing a request for attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

1

Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking the attorneys' fees has the burden to prove that the requested attorneys' fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). Therefore, Plaintiffs will be required to submit further evidence in support of their claimed attorneys' fees.

As damages, Plaintiffs claim to be entitled to an award of $9,198.21, consisting of $4,184.24 in unpaid contributions, liquidated damages, and interest owed to Plaintiff Laborers Local Union 158 Health & Welfare Fund; $2,856.81 in unpaid contributions, liquidated damages, and interest owed to Plaintiff Laborers Local Union 158 Pension Fund; $1,720.00 in attorneys' fees; and $437.16 in costs of this action. (Doc. No. 10-1 at 3.) However, Plaintiffs have not submitted any evidence in support of their right to relief.[1] For example, Plaintiffs have not submitted contractual provisions that create contribution obligations on Defendants with respect to these funds, that prescribe the hourly contribution rates for Defendants' payment obligations with respect to the funds, or that prescribe the amount of liquidated damages and interest owed by Defendants. Plaintiffs also do not provide any evidence of Defendants' failure to make

---

[1] Plaintiffs also did not submit a brief in support of their motion, which is required by the local rules of the Court. See M.D. L.R. 7.5.

contributions. Thus, Plaintiffs will be required to submit further evidence in support of the requested amount of damages.

While Plaintiffs have not adequately supported their claim for the requested amount of damages, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amounts are computable from the terms of the Agreement and proper documentary evidence. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue"). As such, Plaintiffs will be required to submit further evidence in support of their claimed damages. If Plaintiffs are unable to adequately support their claims with further documentary submissions, the Court will schedule an evidentiary hearing on the matter.

**ACCORDINGLY**, on this 11th day of March 2011, **IT IS HEREBY ORDERED THAT:**

1. The Case Management Conference in this action scheduled for March 18, 2011, is **CANCELLED**.

2. Plaintiffs' motion for entry of default judgment (Doc. No. 10) is **CONSTRUED** as an application for default judgment pursuant to Rule 55(b)(2).

3. Within fifteen (15) days of the date of this order, Plaintiffs **SHALL SUBMIT** a supplemental affidavit further documenting and supporting their damage claims in support of the motion for default judgment. Plaintiffs **SHALL ALSO** identify the contractual provisions governing Defendants' obligations to Laborers Local Union 158 Health and Welfare Fund and Laborers Local Union 158 Pension Fund. All contractual provisions supporting Plaintiffs' right to relief **SHALL BE** attached as exhibits to the supplemental affidavit.

4. Within fifteen (15) days of the date of this order, Plaintiffs **SHALL SUBMIT** a brief in support of their motion for default judgment pursuant to Local Rule 7.5.

5. Within fifteen (15) days of the date of this order, Plaintiffs **SHALL SUBMIT**

further evidence in support of their request for attorneys' fees.

6. Failure to file the supplemental documentation described in paragraphs 2 through 5 may result in denial of the motion for default judgment (Doc. No. 10) in whole or in part.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania