**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LABORERS LOCAL UNION 158,** | : | |
| **LABORERS LOCAL UNION 158** | : | **Civil No. 1:CV-10-1524** |
| **HEALTH AND WELFARE FUND and** | : | |
| **LABORERS LOCAL UNION 158** | : | **(Chief Judge Kane)** |
| **PENSION FUND,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRED SHAFFER CONCRETE and** | : | |
| **FRED SHAFFER,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently pending before the Court is Plaintiffs' motion for default judgment.  (Doc. No.

10.)  As Defendants have yet to appear or defend in this action, there is no opposition to the

motion.  For the reasons that follow, the Court will grant the motion.

**I.      BACKGROUND**

On July 22, 2010, Plaintiffs brought this action pursuant to sections 502 and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, and

the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260, et seq.  Plaintiffs alleged

that Defendant Fred Shaffer Concrete is a signatory to a collective bargaining agreement ("the

Agreement") which requires Defendant Fred Shaffer Concrete to make contributions to the

Laborers Local Union 158 Health and Welfare Fund and the Laborers Local Union 158 Pension

Fund ("the Benefit Funds") and requires Defendant Fred Shaffer Concrete to pay liquidated

damages and interest in the event that it fails to make timely contributions.[1]  (Doc. No. 13-1 at

5.)  Plaintiffs aver that Defendant failed to make contributions under the terms of the Agreement

for the months of April, May, June, and July 2010, and therefore they are entitled to liquidated

damages, interest, and attorney's fees.  (Doc. No. 1 ¶ 11; Doc. No. 13 ¶ 3.)

       The record shows that although Defendant was properly served with the summons,

complaint, and other pertinent documents, (Doc. No. 6), Defendants have not appeared,

answered, moved, or otherwise responded to the pleading.  After several months without

response from Defendants, Plaintiffs requested, and the clerk entered, default against the

Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Doc. Nos. 9, 11.)

Plaintiffs also moved for the clerk to enter default judgment pursuant to Rule 55(b)(1) and

included an affidavit showing the amount due.  (Doc. No. 10.)  However, Plaintiffs' motion for

entry of default judgment could not be entered by the clerk under Rule 55(b)(1) because

Plaintiffs do not merely seek a "sum certain;" they also seek attorneys' fees in the amount of

$1,720.00.  (Id. at 3.)  Thus, in a memorandum order issued on March 17, 2010, the Court

construed Plaintiffs' motion (Doc. No. 10) as an application for default judgment pursuant to

Rule 55(b)(2).  (Doc. No. 12.)  The Court also ordered Plaintiffs to provide a brief in support of

their motion and further documentation in support of their damage claims and claims for

attorneys' fees.  (Id.)  Plaintiffs filed the requested brief and documentation on April 1, 2011.

(Doc. Nos. 13, 14, 15.)

---

     [1] The Agreement states, in pertinent part, that "[i]t is also agreed that interest may be
assessed by the Trustees against delinquent contractors at the rate of 10% per annum and
liquidated damages may be charged in accordance with the law under ERISA."  (Doc. No. 13-1
at 5.)

## II.    DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b).  Entry of default does not entitle a claimant to default judgment as matter of right.  10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010).  Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court.  See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).  In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c).  As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis.  When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.  Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the

3

> default is filed under Rule 55(c) or Rule 60(b) and a record is
> supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment.  First, there is a risk of prejudice to the beneficiaries of the Benefit Funds if Defendant Fred Shaffer Concrete's contributions are not made.  Second, Defendants have not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment.  Finally, the Court can find no excuse or reason for Defendants default other than its own conduct.  Plaintiffs have shown that Defendants were personally served with all of the required documents several months ago.  (Doc. No. 6.)  Despite this, Defendants have neither engaged in the litigation process nor offered any reason for their failure to appear.  The Court therefore finds that Defendants are personally culpable for their failure to appear and that there is no basis in the record to excuse this conduct.  Accordingly, the Court finds that default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  The allegations in the complaint, taken as true, are sufficient to show a violation of ERISA section 515 and section 260.9a of the Pennsylvania Wage Payment and Collection Law.  See 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement."); 43 P.S. § 260.a ("Any employe or group of employes, labor organization or party to whom any type of

wages is payable may institute actions provided under this act.").  The complaint sufficiently alleges that Defendant was obligated to make timely contributions to Plaintiffs but to do so for the months of April, May, June, and July 2010.  (Doc. No. 1 ¶¶5-11.)

If a court enters judgment in favor of the plan fiduciary, the court shall award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages provided for under the plan in amount not in excess of twenty percent of the unpaid contributions; (4) reasonable attorney's fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).  As damages, Plaintiffs claim to be entitled to an award of $10,248.76, consisting of $6,491.60 in unpaid contributions, liquidated damages, and interest for the months of April, May, June, and July 2010; $3,320.00 in attorney's fees; and $437.16 in costs of this action.  (Doc. No. 15 at 6; Doc. No. 13-1 at 10.)  The Court finds that Plaintiffs have sufficiently supported their claim and that these categories of damages are properly recoverable under section 1132(g)(2) and the Agreement.  (See Doc. No. 13-1, Ex. D ¶ 6.)  The Court also finds that Plaintiffs have submitted adequate support to demonstrate their request for attorney's fees is reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

III.   **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiffs' motion for default judgment. An order consistent with this memorandum follows.

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LABORERS LOCAL UNION 158,** | : | |
| **LABORERS LOCAL UNION 158** | : | **Civil No. 1:CV-10-1524** |
| **HEALTH AND WELFARE FUND and** | : | |
| **LABORERS LOCAL UNION 158** | : | **(Chief Judge Kane)** |
| **PENSION FUND,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FRED SHAFFER CONCRETE and** | : | |
| **FRED SHAFFER,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**NOW**, on this 13th day of April 2011, **IT IS HEREBY ORDERED THAT**:

1.     Plaintiffs' motion for default judgment (Doc. No. 10) is **GRANTED**.

2.     The Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendants Fred Shaffer Concrete and Fred Shaffer, in the amount of $10,248.76, with post-judgment interest in accordance with 28 U.S.C. § 1961(a) until the judgment is fully paid.

3.     The Clerk of Court is directed to close the file.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania