IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORERS LOCAL UNION 158, et al., | : | |
|     Plaintiffs | : | Civil Action No. 1:10-cv-01524 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| FRED SHAFFER CONCRETE, et al., | : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Plaintiffs' motion for sanctions. (Doc. No. 21.) As Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant Plaintiffs' motion in part.

**I.  BACKGROUND**

On July 22, 2010, Plaintiffs brought this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132, 1145, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260, et seq. (Doc. No. 1.) After Defendants, who were properly served with the summons, complaint, and other pertinent documents, (Doc. No. 6), did not appear, move, or otherwise respond to the pleading, the Clerk of Court entered default against Defendants. (Doc. No. 11). On April 13, 2011, the Court granted Plaintiffs' motion for default judgment against Defendants in the amount of $10,248.76, with post-judgment interest in accordance with 28 U.S.C. § 1961(a). (Doc. No. 16 at 6.)

On or about May 3, 2011, Plaintiffs served upon Defendants post-judgment interrogatories in aid of execution. (Doc. No. 18 ¶ 2.) After receiving no response, Plaintiffs sent a letter to Defendants on June 8, 2011, requesting a response to the interrogatories. (Id. ¶ 3.) On July 28, 2011, Plaintiffs filed a motion to compel Defendants to answer the post-judgment

Case 1:10-cv-01524-YK   Document 23   Filed 02/06/12   Page 2 of 4

interrogatories. (Doc. No. 18.) The Court granted Plaintiffs' motion on August 3, 2011, ordering Defendants to provide responses to Plaintiffs' interrogatories within thirty days or risk further sanctions of the Court. (Doc. No. 20.) To date, Plaintiffs have failed to provide responses.

## II. DISCUSSION

"It is well established that the scope and conduct of discovery are within the sound discretion of the trial court." Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir. 1969). In an action to aid the execution of a money judgment, a judgment creditor may take discovery "from any person – including the judgment debtor" as the Federal Rules of Civil Procedure allow "or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(b). Rule 33 allows a party to serve interrogatories, and Rule 37(d)(1)(A)(ii) provides that "the court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response." The imposition of sanctions, including attorney's fees, under Rule 37 is phrased in mandatory language "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); see also Newman v. GHS Osteopathic, Inc. v. Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995). Discovery sanctions, however, must reflect the "reasonable expenses" incurred by Plaintiffs, and the Court has discretion to impose an "appropriate sanction." Fed. R. Civ. P. 37(a)(5)(A); see also Martin v. Brown, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995) ("Although Rule 37 authorizes both punitive and compensatory damages, it requires the amount of any monetary damages to be specifically related to expenses incurred by the violations.").

2

Plaintiffs seek an award of $1,300 in attorney's fees for 6.5 hours of attorney time at a rate of $200 per hour. (Doc. No. 21 at 6; Doc. No. 21-2.) Defendants have responded neither to Plaintiffs' request for post-judgment interrogatories nor to the Court's August 3, 2011 order directing Defendants to answer the interrogatories within thirty days or risk further sanctions. In support of their motion for sanctions, Plaintiffs have submitted time records, stating that 4.3 hours of attorney time was devoted to work relating to the motion to compel and the instant motion for sanctions. (Doc. No. 21-2.) The Court finds that Defendants' failure to respond to Plaintiffs' post-judgment interrogatories is specifically related to this amount of time, and that this amount of time was reasonable. Therefore, the Court will order Defendants to pay Plaintiffs $860 in attorney's fees, representing 4.3 hours of attorney time at a rate of $200 per hour.

Plaintiffs also request that they be awarded attorney's fees for 2.2 hours of attorney time from June 2011, which was spent: (1) reviewing the file (0.2 hours); (2) reviewing email, researching, and preparing and reviewing responses to interrogatories served on First Keystone National Bank (one hour); and (3) reviewing the file, researching, conferring with the client, and preparing the June 8, 2011 letter to Defendants, requesting responses to the post-judgment interrogatories (one hour). (Id.) The Court finds that the only tasks specifically related to Defendants' failure to answer the post-judgment interrogatories were the ones taken in relation to the drafting of the June 8, 2011 letter to Defendants, and that the one hour of attorney time spent doing so was reasonable. Therefore, the Court will order Defendants to pay Plaintiffs $200 in attorney's fees, representing one hour of attorney time at a rate of $200 per hour.

**ACCORDINGLY**, on this 6th day of February 2012, **IT IS HEREBY ORDERED** that Plaintiffs' motion for sanctions (Doc. No. 21) is **GRANTED IN PART**, and Defendants Fred

Shaffer and Fred Shaffer Concrete **SHALL** pay the amount of $1,060, the reasonable expenses incurred by Plaintiffs in connection with Defendants' failure to respond to Plaintiffs' post-judgment interrogatories, within thirty days of the date of this order.

<div style="text-align: right;">
S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
</div>